IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHWEST SAVINGS BANK AND FINANCIAL SERVICES, | : : : | |
| | : | Civil Action No. 4: 09-CV-1416 |
| Plaintiff, | : : | |
| v. | : : | (Judge McClure) |
| NS FIRST STREET LLC and 220 SOUTH ATHERTON STREET LLC, | : : : : | |
| Defendants. | : : | |

**MEMORANDUM**

January 6, 2010

## I. INTRODUCTION

This civil action was initiated by plaintiff Northwest Savings Bank and Financial Services in the Court of Common Pleas of Centre County. Plaintiff has named as defendants NS First Street LLC and 2200 South Atherton Street LLC. The case later was removed to this Court upon the defendants' Notice of Removal, which was filed with this Court on July 22, 2009. (Rec. Doc. No. 1). Removal was appropriate under 28. U.S.C. § 1441, as this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

## II. PROCEDURAL HISTORY

In its complaint, plaintiff asserts against the above-named defendants one count for damages and two counts for declaratory judgment. These counts arise out of a lease agreement concerning a property located at 2200 South Atherton Street, State College, Pennsylvania.

After the matter was removed to federal court, the defendants filed an answer to the complaint on August 3, 2009. (Rec. Doc. No. 4). In their answer, the defendants included eight affirmative defenses as well as counterclaims. Id. at 8-13. The plaintiff filed a reply to the defendants' counterclaims on August 12, 2009. (Rec. Doc. No. 9).

On October 8, 2009, pursuant to Fed. R. Civ. P. 15(a), the plaintiff filed a stipulation agreed to by the parties providing for the plaintiff's filing of an amended complaint ("First Amended Complaint"). (Rec. Doc. No. 14). This Court issued an order on October 13, 2009, approving the stipulation to amend the complaint. (Rec. Doc. No. 18). The plaintiff filed an amended complaint on October 8, 2009 (Rec. Doc. No. 15), and the defendants filed an answer, with affirmative defenses and counterclaims, to the First Amended Complaint on October 27, 2009. (Rec. Doc. No. 19). On November 19, 2009, the plaintiff filed a reply to the defendants' counterclaims to the plaintiff's First Amended

Complaint. (Rec. Doc. No. 22).

Plaintiff, on October 13, 2009, filed the motion currently at issue entitled "Motion to Hold Rent Monies in an Escrow Account." (Rec. Doc. No. 16). The plaintiff has filed the requisite accompanying brief. (Rec. Doc. No. 17). On October 28, 2009, the defendants filed a brief opposing the plaintiff's motion seeking to hold its rent monies with this Court or in an interest-bearing escrow account. (Rec. Doc. No. 20). Plaintiff filed a reply brief on November 9, 2009. (Rec. Doc. No. 21).

As the matter is now ripe for disposition, we will deny, for the following reasons, the plaintiff's "Motion to Hold Rent Monies in an Escrow Account." (Rec. Doc. No. 16).

### III. FACTUAL BACKGROUND

The instant lawsuit arises from a lease agreement pertaining to a property located at 2200 South Atherton Street, State College, Pennsylvania ("the Property"). Plaintiff entered into a lease agreement concerning the property with a third party, DWEK Branches, LLC ("DWEK"), on July 14, 2005. The lease agreement, and a rider dated July 15, 2005, provided that plaintiff was to lease the property for 10 years, with the option of extending that time period for an additional 3 to 5 years. Under the agreement, plaintiff is only allowed to use the

property as a "retail branch bank and general office." (Rec. Doc. No. 1-5 at 8). Pursuant to the rider, the plaintiff acknowledged the restriction preventing use of the property as a bank until March 15, 2009.

Eventually DWEK filed for bankruptcy, and the current defendants purchased the property during the bankruptcy proceedings. The defendants have continued to lease the property to the plaintiff pursuant to the terms of the July 2005 lease agreement.

At issue in the current litigation is the plaintiff's desire to occupy the property and use the property, as the March 15, 2009 use restriction deadline has since passed. The property is apparently in noticeable disrepair, and negotiations between the parties have been ongoing in respect to how the parties will incur the cost of renovating the property. The July 2005 lease agreement declares that "[n]o alterations, additions or improvements may be made, and no climate regulating, air conditioning, cooling, heating or sprinkler systems, television or radio antennas, heavy equipment, apparatus and fixtures, may be installed in or attached to the Premises, without the written consent of the Landlord." Id.

Plaintiff contends that on or about June 2008 a meeting was held between representatives of plaintiff and defendants at the property. At this meeting, major renovations to the property were discussed, and plaintiff contends that

4

"[d]efendants reviewed and accepted" these plans (Rec. Doc. No. 17 at 3), though the defendants state that "the defendants' principals never approved either verbally or in writing any renovation plans that the plaintiff submitted . . . ." (Rec. Doc. No. 20 at 3).

In early 2009 through April or May of 2009, plaintiff and defendants negotiated over the potential purchase by plaintiff of the property. However, it appears as though these negotiations have since broken down.

Plaintiff claims that, in anticipation of the expiration of the use restriction on March 15, 2009, it eventually undertook to begin work on the property. Plaintiff claims that these actions fell within the plans that the defendants had previously reviewed and accepted. Although plaintiffs obtained permits related to this remodeling, in May of 2009 the Centre Region Code Administration ("CRCA") issued a stop-work order to plaintiff. It was CRCA's conclusion that plaintiff was without the authority to undertake such work on the property as the plaintiff was not the actual owner, and merely a tenant, of the property.

Since the issuance of this stop-work order, the plaintiff has continued to pay rent on a monthly basis to the defendants. Plaintiff states, however, that it has been unable to access the property and cannot resubmit a building permit application absent the defendants' consent.

## IV. DISCUSSION

Plaintiff claims that it should be entitled, while the litigation is ongoing, to deposit rent monies with this Court or, alternatively, into an interest-bearing escrow account. It is plaintiff's contention that this relief is necessary to properly protect its interests while not unduly burdening the interests of the defendants. Defendants, on the other hand, claim that they are entitled to the continued rental payments. First, defendants note that, while a lease dispute does exist between the parties, the defendants' contractual rights should not be infringed upon in the manner proposed by plaintiff. Second, defendants argue that, in light of the doctrine of unclean hands, the plaintiff's instant request for relief is barred.

We are constrained to agree with the defendants that, in the present case, it would be improper for this Court to accept rent money deposits or order such deposits into escrow. Several of the cases to which the plaintiff refers provided for an escrow or payment to the court for claims that had already vested or accrued United States Air Conditioning Corp. v. Fogel, 172 F. Supp. 539, 542 (E.D. Pa. 1959) (in which plaintiff claimed "that ever since July 1958 defendants have owed it $95,377.14 on the indemnity contract . . ."); Busy Bee, Inc. v. Corestates Bank N.A., 2004 Pa. Dist. & Cnty. Dec. LEXIS 183, *18 (Pa. County Ct. 2004) (noting that the court had ordered payment of rent into an interest-bearing escrow account

to protect a third-party who was neither a lessor nor a lessee under the lease agreement). The bankruptcy cases to which plaintiff refers are similarly unavailing. In re Mylotte, David & Fitzpatrick, 2007 Bankr. LEXIS 3572, *9-10 (Bankr. E.D. Pa. Oct. 11, 2007); Titus & McConomy, LLP v. TrizecHahn Gateway, LLC (In re Titus & McConomy, LLP), 375 B.R. 165, 169 (Bankr. W.D. Pa. 2007) (noting that the "debtor was required by the plan to deposit funds in an amount equal to the amount of [the plaintiff's] claim in an interest-bearing escrow account" within a specified period of time after adjudication of the debtor's objection to the plaintiff's claim). Similarly, plaintiff references 1600 Penn Corp. v. Computer Scis. Corp., 2008 U.S. Dist. LEXIS 76764 (E.D. Pa. Sept. 30, 2008) for supporting its contention that the depositing of rent monies with a court or into an interest-bearing escrow account is a "common practice for handling rental payments during a lease dispute." (Rec. Doc. No. 17 at 9). However, we fail to see how 1600 Penn could support this "common practice," as plaintiff itself admits that "[t]he court did not ultimately rule on the defendant's proposal for the manner of depositing funds . . . ." Id.

In the present case, there are no vested interests or bona fide debts that the defendants owe to the plaintiff in this case. Similarly, there has not been an adjudication of the underlying claim at issue. As such, we conclude that, at the

7

present time, it would be inappropriate for this Court to order plaintiff to pay rent monies to the Court or into an interest-bearing escrow account.[1]  Therefore, we will deny the plaintiff's "Motion to Hold Rent Monies in an Escrow Account."  (Rec. Doc. No. 16).

V.  **CONCLUSION**

In light of the above, we will deny the plaintiff's "Motion to Hold Rent Monies in an Escrow Account."  (Rec. Doc. No. 16).

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

---

[1] Because we conclude that the defendants' contractual rights should not be infringed upon in the manner proposed by plaintiff, we need not address the defendants' contention that the relief sought by plaintiff is barred by the doctrine of unclean hands.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHWEST SAVINGS BANK AND FINANCIAL SERVICES, | : : : | Civil Action No. 4: 09-CV-1416 |
| Plaintiff, | : : | |
| v. | : : | (Judge McClure) |
| NS FIRST STREET LLC and 220 SOUTH ATHERTON STREET LLC, | : : : : | |
| Defendants. | : : | |

**ORDER**

January 6, 2010

**IT IS HEREBY ORDERED THAT:**

Plaintiff's "Motion to Hold Rent Monies in an Escrow Account" is **DENIED**. (Rec. Doc. No. 16).

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge