IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORTHWEST SAVINGS BANK :
AND FINANCIAL SERVICES, :
: Civil Action No. 4: 09-CV-1416
Plaintiff, :
:
v. :
: (Judge McClure)
NS FIRST STREET LLC and 220 :
SOUTH ATHERTON :
STREET LLC, :
:
Defendants. :
:

**MEMORANDUM**

June 8, 2010

## I. INTRODUCTION

This civil action was initiated by plaintiff Northwest Savings Bank and Financial Services in the Court of Common Pleas of Centre County on June 19, 2009. Plaintiff has named as defendants NS First Street LLC and 2200 South Atherton Street LLC. The case later was removed to this court upon the defendants' Notice of Removal, which was filed with this court on July 22, 2009. (Rec. Doc. No. 1). Removal was appropriate under 28. U.S.C. § 1441, as this court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

## II. PROCEDURAL HISTORY

In its complaint, plaintiff asserts against the above-named defendants one count for damages and two counts for declaratory judgment. These counts arise out of a lease agreement concerning a property located at 2200 South Atherton Street, State College, Pennsylvania.

After the matter was removed to federal court, the defendants filed an answer to the complaint on August 3, 2009. (Rec. Doc. No. 4). In their answer, the defendants included eight affirmative defenses as well as counterclaims. Id. at 8-13. The plaintiff filed a reply to the defendants' counterclaims on August 12, 2009. (Rec. Doc. No. 9).

On October 8, 2009, pursuant to Fed. R. Civ. P. 15(a), the plaintiff filed a stipulation agreed to by the parties providing for the plaintiff's filing of an amended complaint ("First-Amended Complaint"). (Rec. Doc. No. 14). This court issued an order on October 13, 2009, approving the stipulation to amend the complaint. (Rec. Doc. No. 18). The plaintiff filed the first-amended complaint on October 8, 2009 (Rec. Doc. No. 15), and the defendants filed an answer, with affirmative defenses and counterclaims, to the first-amended complaint on October 27, 2009. (Rec. Doc. No. 19). On November 19, 2009, the plaintiff filed a reply to the defendants' counterclaims to the plaintiff's first-amended complaint. (Rec.

Doc. No. 22).

On October 13, 2009, plaintiff filed a "Motion to Hold Rent Monies in an Escrow Account," with a brief in support. (Rec. Doc. Nos. 16 and 17). The defendants filed a brief opposing the plaintiff's motion on October 28, 2009. (Rec. Doc. No. 20). Plaintiff filed a reply brief on November 9, 2009. (Rec. Doc. No. 21). On January 6, 2010, this court denied plaintiff's motion to hold rent monies in escrow, finding that it would be improper for the court to accept such deposits or to order such deposits into escrow. (Rec. Doc. No. 23 at 6-8).

On March 16, 2010, plaintiff filed a concurred-in motion for modification of the then-controlling case management order. (Rec. Doc. No. 24). This court, by an order dated March 17, 2010, granted the concurred-in motion. (Rec. Doc. No. 27). As part of our modified order dated March 17, 2010, this court, inter alia, moved the case from the August 2010 trial list, placed the matter on the November 2010 trial list, and required that all fact discovery be completed on or before July 1, 2010. Id. at 2.

On May 14, 2010, plaintiff filed a "Motion to Compel Dates Certain for the Depositions of Defendants," with a brief in support. (Rec. Doc. Nos. 28 and 29). Plaintiff contends that it has attempted to obtain from defendants' counsel dates for deposing a David Ross and a Richard Becker, to no avail. (Rec. Doc. No. 29 at 2-

3). In addition, plaintiff contends that sanctions are appropriate in the instant matter in light of the "[d]efendants' failure to cooperate with [p]laintiff in a good faith effort to resolve this discovery dispute." Id. at 3. The defendants have not filed a brief in opposition, and the date for doing so has since passed.

As the matter is ripe for disposition, and based on the following, this court will grant the plaintiff's "Motion to Compel Dates Certain for the Depositions of Defendants." (Rec. Doc. Nos. 28).

### III.  STANDARD OF REVIEW

#### A.  Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the contours for discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ." The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152

F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985). Parties are permitted a significant discovery latitude "in order to ensure that the case proceeds with 'the fullest possible knowledge of the issues and facts before trial.'" Ascenzi v. O'Brien, No. CV-05-1184, 2008 WL 205235, at *5 (M.D. Pa. Jan. 23, 2008) (quoting Hickman v. Taylor, 329 U.S. 495, 501 (1947) (Vanaskie, J.).

When one party refuses to comply with other parties' legitimate discovery requests, the aggrieved party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); see Fed. R. Civ. P 37(a)(3). The injured party must also certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). According to this Court's local rules:

> Counsel for movant in a discovery motion shall file as part of the motion a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be

5

> reached. If part of the issues raised by the motion have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved.

Middle District Local Rule 26.3.

## IV. DISCUSSION

### I. Plaintiff's Motion to Compel is Granted as Unopposed

Plaintiff's counsel, on October 2, 2009, served notices of deposition concerning a David Ross and Richard Becker upon defendants' counsel. (Rec. Doc. No. 29 at 2). On March 9, 2010, plaintiff's counsel sent a letter to defendants' counsel concerning mediation and requesting particular days in April of 2010 on which depositions might be scheduled. (Rec. Doc. No. 31, Exhibit A). Plaintiff's counsel received no response. On April 6, 2010, plaintiff's counsel sent a follow-up letter to defendants' counsel concerning scheduling a Rule 37 conference in April so as to confer about the mediation and potential deposition dates. Plaintiff's counsel also requested in this letter that defendants' counsel provide, in the alternative, dates certain for the depositions. Id., Exhibit B. On April 14, 2010, defendants' counsel responded as to the discovery issue. Plaintiff's counsel returned defense counsel's call, leaving a message for defense counsel. Also on April 14, 2010, plaintiff's counsel sent a letter to defense counsel in which she responded to his voicemail message and asked that he provide her with dates

6

certain for the relevant depositions by Friday, April 16, 2010.  Id., Exhibit C.

In the week prior to the filing of the instant motion to compel and for sanctions, defendants' counsel apparently contacted plaintiff's counsel concerning dates certain for depositions, though no dates have been agreed upon.  On Wednesday, May 12, 2010, plaintiff's counsel's paralegal contacted defendants' counsel, advising him that plaintiff's counsel intended to file the instant motion, as well as seek concurrence.  Plaintiff contends that, in response to this request, defense counsel left a message for plaintiff's counsel's paralegal indicating "that he has not been able to send any e-mails to their office due to their firewall (it should be noted that the office has never had a problem in the past receiving e-mails from Defendants' counsel), that he would be faxing information to their office, and provided two (2) dates in May for depositions."  (Rec. Doc. No. 29 at 3).  Plaintiff contends that counsel has yet to receive any faxes from defense counsel and that "[t]he Defendants' refusal to provide Plaintiff with firm deposition dates is a violation of their obligations under the rules of discovery."  Id.

Plaintiff also contends that defense counsel has violated Fed. R. Civ. P. 26(g) and 28 U.S.C. § 1927 by failing to cooperate in the discovery process.  Rule 26(g) of the Federal Rules of Civil Procedure provides that "[e]very disclosure

7

under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name - or by the party personally, if unrepresented - and must state the signer's address, e-mail address, and telephone number . . . ." Plaintiff's counsel claims that, in the course of discovery, defense counsel has made disclosures that did not contain a signature and failed to respond to plaintiff's counsel's attempts to rectify the omission. (Rec. Doc. No. 29 at 7).

> Pursuant to 28 U.S.C. § 1927:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Plaintiff claims that the defendants, during discovery, "have demonstrated a lack of utter disregard for the Federal Rules of Civil Procedure." (Rec. Doc. No. 29 at 10). In support, plaintiff points to the failure of defendants to provide dates certain for depositions and the defendants' violation of Fed. R. Civ. P. 26(g) by failing to provide certification during document discovery. Id. Plaintiff also claims that defendants have not responded to a Rule 37 conference request and have failed to communicate with the plaintiff during the litigation. Id.

Based upon this court's review of the plaintiff's filings, we conclude that a good faith effort has been made on the part of its counsel to obtain the defendants' discovery responses.  Defendants have refused to provide plaintiff with the information requested, namely firm deposition dates relating to two depositions that are required to be taken prior to the July 1, 2010 fact discovery deadline imposed by this court.  Pursuant to Middle District Local Rule 7.6, the defendants' failure to oppose the plaintiff's brief in support of its motion to compel within the required time rendered the motion unopposed.  Therefore, we will grant plaintiff's motion to compel.

### II. Plaintiff is Entitled to Reasonable Expenses Incurred in Making This Motion

As noted above, the sanctions for failure to make disclosure or cooperate in discovery are provided for in Rules 37(a)(5) and 26(g)(3) of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 1927.  Defendants have failed to respond to plaintiff's discovery requests and even failed to file a response to the instant motion to compel.  Therefore, plaintiff shall have seven (7) days from the entry of this order to submit evidence of reasonable expenses incurred in the preparation of the instant motion, and the method for calculating those expenses.

## V. CONCLUSION

In light of the above, we will grant the plaintiff's "Motion to Compel Dates Certain for the Depositions of Defendants" (Rec. Doc. No.28) and order plaintiff, within seven (7) days, to submit evidence of reasonable expenses incurred in the preparation of the instant motion and the method for calculating those expenses.

  s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHWEST SAVINGS BANK AND FINANCIAL SERVICES, | : : : | |
| | : | Civil Action No. 4: 09-CV-1416 |
| Plaintiff, | : : | |
| v. | : : | (Judge McClure) |
| NS FIRST STREET LLC and 220 SOUTH ATHERTON STREET LLC, | : : : : | |
| Defendants. | : : | |

**ORDER**

June 8, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Motion to Compel Dates Certain for the Depositions of Defendants" (Rec. Doc. No.28) is **GRANTED**, as it is deemed unopposed. (Rec. Doc. No. 28).

2. Defendant shall supply dates certain for the depositions of David Ross and a Richard Becker within twenty (20) days from the date of this order. Failure to timely answer shall cause the court to impose sanctions as appropriate, including but not limited to attorneys' fees and judgment in favor of the plaintiff and against

the defendant as requested in the complaint.

    3. Plaintiff is entitled to sanctions for defendant's failure to make responses to requested discovery.

    4. Plaintiff's counsel shall have ten (10) days from the entry of this order to submit a statement of reasonable expenses, including attorney's fees, incurred in the preparation of the motion to compel and supporting briefs. The statement shall be accompanied by supporting documentation. Defendants may file a response thereto within ten (10) days after service of plaintiff's statement of expenses.

                                  s/ James F. McClure, Jr.
                                  James F. McClure, Jr.
                                  United States District Judge