IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHWEST SAVINGS BANK : | |
| AND FINANCIAL SERVICES, : | No. 4:09-CV-1416 |
|     Plaintiff : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| NS FIRST STREET LLC and 2200 SOUTH : | |
| ATHERTON STREET LLC, : | |
|     Defendants : | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff's motion to hold rent monies in an escrow account. (Doc. No. 101.) The matter is ripe for disposition, and for the reasons that follow, the Court will deny the motion.

The procedural and factual background of this case is set forth more fully in the Court's order granting partial summary judgment. (Doc. No. 100.) To summarize, this case relates to a lease agreement for a property located at 220 South Atherton Street, State College, Pennsylvania ("the Property"). On July 15, 2005, Plaintiff entered into a lease agreement for the Property with DWEK Branches, LLC, which has since filed for bankruptcy, and sold the Property to Defendants. The lease provides that Plaintiff is to use the property only as a retail branch bank and general office. The lease also contains a restriction preventing use of the property as a bank until March 15, 2009, and provides that Plaintiff may not alter the property or make any improvements without Defendant's written consent. After negotiations over the potential purchase of the Property by Plaintiff failed, Plaintiff began renovations on the Property. In May of 2009, the Centre Region Code Administration (CRCA) issued a stop-work order to Plaintiff, as the CRCA determined that Plaintiff was without the authority to undertake such work on the

Property.

On June 2, 2009, Defendants sent a notice letter, alleging that Plaintiff defaulted on the lease, and demanding that Plaintiff vacate the premises. On June 19, 2009, Plaintiff brought suit in the Court of Common Pleas of Centre County, Pennsylvania, and on July 21, 2009, Defendants removed the action to the United States District Court for the Middle District of Pennsylvania. Plaintiff filed an amended complaint, asserting a breach of the covenant of quiet enjoyment claim against Defendants, seeking declaratory judgment that Plaintiff has not breached the lease with Defendants or that any alleged breach has been properly cured, and seeking judgment against Defendants for damages caused by Defendants' alleged breach of the lease and illegal actions preventing Plaintiff from occupying the Property. (Doc. No. 15.)

On October 13, 2009, Plaintiff filed a motion to hold rent monies in an escrow account (Doc. No. 16), which Judge McClure denied on January 6, 2010 (Doc. No. 23). Judge McClure explained that it would be inappropriate to order Plaintiff to pay rent to the Court or to an escrow account, as there was no vested interests or bona fide debts that Defendants owed to Plaintiff. (Id. at 7-8.) On July 15, 2011, the Court granted Plaintiff's motion for partial summary judgment, finding: (1) that Defendants failed to provide adequate notice of default and an opportunity to cure regarding their allegations that Plaintiff failed to comply with applicable laws and failed to obtain Defendants' written consent to improvements of the Property; and (2) that Plaintiff did not breach the lease's occupancy provision. (Doc. No. 100.)

On July 22, 2011, Plaintiff filed the instant motion to hold rent monies in an escrow account, arguing that its rental payments should be paid to the Court, or else into an interest-bearing escrow account during the course of this proceeding, in order to protect Plaintiff from

Defendants' unwillingness to approve Plaintiff's renovation plans, and to keep the parties in parity during the pendency of the proceeding. (Doc. No. 101.) In response, Defendants aver that they have provided Plaintiff with written consent to the renovation plan, along with a signed building permit application. (Doc. No. 106 at 1.) Defendants also argue that the motion is redundant of the earlier motion to hold rent monies in an escrow account, which was decided against Plaintiff.[1] (Id.)

The Supreme Court has advised that the law of the case doctrine "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 (1983); 1B Moore's Federal Practice ¶0.404 [1] (1984)). To that end, where, as here, a district court has previously ruled on a question of law, that ruling "should continue to govern the same issues in subsequent stages in the litigation." In re Resyn Corp., 945 F.2d 1279, 1281 (3d Cir. 1991). As Judge McClure explained in the Court's order denying Plaintiff's earlier motion to hold rent monies in an escrow account, "it would be improper for this Court to accept rent money deposits or order such deposits into escrow," as "there are no vested interests or bona fide debts that the defendants owe to the plaintiff in this case." (Doc. No. 23 at 6-7.) While Plaintiff points out that the Court has since granted partial summary judgment, the order granting

---

[1] Defendants also argue that the Plaintiff "is prosecuting this frivolous motion for the sole reason to punish Defendants by driving up their legal costs," and that Defendants should be awarded costs associated with defending the motion. (Doc. No. 106 at 2.) The Court notes that Defendants have not complied with Federal Rule of Civil Procedure 11(c), which requires that a motion for sanctions be made separately from any other motion.

partial summary judgment does not create a vested interest or bona fide debt.  The Court merely held that Plaintiff was not in default of certain provisions of the lease, but did not rule on Plaintiff's claim for damages against Defendant.  (Doc. No. 100.)  Thus, it would be improper for the Court to accept rent money deposits or order such deposits into escrow at this stage in the proceeding.

    **ACCORDINGLY**, on this 30th day of September 2011, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for to hold rent monies in an escrow account (Doc. No. 101) is **DENIED**.

                                                              s/ Yvette Kane
                                                              Yvette Kane, Chief Judge
                                                              U.S. District Court
                                                              Middle District of Pennsylvania