IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHWEST SAVINGS BANK<br>AND FINANCIAL SERVICES,<br>    Plaintiff<br><br>v.<br><br>NS FIRST STREET LLC and 2200 SOUTH<br>ATHERTON STREET LLC,<br>    Defendants | :<br>:   No. 4:09-CV-1416<br>:<br>:   (Chief Judge Kane)<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM**

Pending before the Court are six separate motions in limine, three of which have been filed by Plaintiff Northwest Savings Bank and Financial Services and three of which have been filed by Defendants NS First Street LLC and 2200 South Atherton Street LLC. This memorandum will address each motion in turn.

**I. PLAINTIFF'S MOTION TO EXCLUDE THE OPINIONS OF DEFENDANTS' LAY WITNESSES (DOC. NO. 61)**

First, Plaintiff moves to exclude the opinions of Defendants' lay witnesses. (Doc. No. 61.) Plaintiff argues that, "in the event that Defendants seek to introduce the opinions of lay witnesses, such opinions should be precluded pursuant to Rule 701, inasmuch as the witness' purported opinions would not be helpful, are speculative and subjective, and would only confuse, mislead, and prejudice the jury." (Doc. No. 62 at 4.) In response, Defendants argue that Plaintiff's motion should be denied, because Plaintiff fails to point to any "specific testimony which it reasonably anticipates Defendants may offer along these lines." (Doc. No. 79 at 2.) Defendants argue that the motion "is a bullet fired randomly, and aimed at no particular target." (Id.) In Plaintiff's reply brief, Plaintiff specifies that it wishes to preclude Defendants from

introducing the opinions of either David Ross or Richard Becker with respect to any issues regarding Plaintiff's costs and damages.  (Doc. No. 135.)  Because Defendants have not indicated an intention to present any such evidence at trial, the Court finds that the issues raised in this motion in limine are best raised in the form of objections to specific evidence at trial. Accordingly, the Court will deny Plaintiff's motion to exclude opinion testimony at this time, without prejudice to Plaintiff's right to raise the issue at trial in the form of an objection.

## II.     PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY REGARDING COMMUNICATIONS WITH DENNIS LOWERY (DOC. NO. 63)

Plaintiff next moves to exclude testimony regarding communications between Defendants and Dennis Lowery, who was Plaintiff Northwest's Assistant Facilities Manager. (Doc. No. 63.)  Plaintiff argues, "In the event that Defendants should seek to offer testimony regarding communications with the now-deceased Dennis Lowery, they should be precluded from doing so based on the Dead Man's Act."  (Doc. No. 64 at 3-4.)  In response, Defendants argue that the Dead Man's Act is "fundamentally inapplicable," or has been waived through Plaintiff's affirmative discovery efforts.  (Doc. No. 75 at 3.)

The Pennsylvania Dead Man's Act, 42 Pa. Cons. Stat. § 5930, provides:

> Except as otherwise provided in this subchapter, in any civil action or proceeding, where any party to a thing or contract in action is dead . . . neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . party, shall be a competent witness to any matter occurring before the death of said party.

The policy is "to prevent the injustice which might flow from permitting the surviving party to an occurrence to testify favorably to himself and adversely to the decedent, which testimony decedent's representative would be in no position to refute."  Perlis v. Kuhns, 195 A.2d 156, 158

(Pa. Super. Ct. 1963).

Three conditions must be satisfied in order for a surviving party's interest to be found to be adverse to the one who is dead: "(1) the deceased must have had an interest in the matter at issue . . . ; (2) the interest of the witness must be adverse; and, (3) a right of the deceased must have passed to a party of record who represents the deceased's interest." In re Rider's Estate, 409 A.2d 397, 399 (Pa. 1979). The Dead Man's Act is an exception to the general rule of evidence in the federal courts and in Pennsylvania that every person is competent to testify as a witness, and thus should be construed narrowly. Fed. R. Evid. 601; 42 Pa. Cons. Stat. § 5921; see also Larkin v. Metz, 580 A.2d 1150, 1152 (Pa. Super. Ct. 1990); Mt. Airy Ins. Co. v. Thomas E. Angst & Assoc., P.C., 954 F. Supp. 1040, 1043 (E.D. Pa. 1997).

Regarding the first factor, Plaintiff argues that Mr. Lowery had an actual right or interest in the matter at issue, as he was Plaintiff's Assistant Facilities Manager. (Doc. No. 64 at 4; Doc. No. 136 at 3.) Defendants respond, however, that "Mr. Lowery was simply a salaried employee with no personal interest or financial stake in the outcome of the parties' dispute." (Doc. No. 75 at 3.) The Court agrees. While Mr. Lowery may have been the "primary representative of Northwest," he is not a predecessor of Northwest, or a party to the lease at issue in this case. The Dead Man's Act refers to a "party or thing to a contract," not to an agent or employee of a party. An "agent is not a party to the thing or contract in action;" rather, the Dead Man's Act is concerned with "the principal for whom the agent acted." Cipriani v. Sun Life Ins. Co. of Am., 757 F.2d 78, 82 (3d Cir. 1985) (quoting Sargeant v. National Life Insurance Company, 41 A. 351, 351 (Pa. 1899)). Because Northwest, rather than Mr. Lowery, was the party to the relevant transactions in this case, the Dead Man's Act is not implicated, and the Court will deny

Plaintiff's motion to exclude testimony regarding communications with Mr. Lowery.

### III.   PLAINTIFF'S MOTION TO EXCLUDE COMMUNICATIONS BETWEEN ZONING OFFICERS (DOC. NO. 71)

Plaintiff next moves to exclude "communications between zoning officers." (Doc. No. 71.) Plaintiff argues that communications between zoning officers are hearsay and that no exceptions to the hearsay rule apply. (Doc. No. 72 at 2-3.) Plaintiff further argues that the communications between zoning officers are not relevant to the extent that they refer to the scope of the work performed, or that their probative value is outweighed by the factors listed in Rule 403 of the Federal Rules of Evidence. (Id. at 4-6.) In response, Defendants first argue that the emails between zoning officers are admissible as either business records, public records, records of past recollections, records of statements against interest, or that the statements are being used to prove that Plaintiffs misled the zoning board and Defendants as to the scope of the work that they were performing rather than the truth of the matter asserted. Defendants further argue that the emails are highly probative, as they evidence that Plaintiff misled the zoning board and the parties with respect to the scope of work that they were performing by stating that they were merely painting and carpeting the Property. Defendants assert that evidence of Plaintiff's "paint and carpet ruse" is probative of various lease violations by Plaintiff.

The communications between zoning officers are inadmissible because Defendants seek to introduce them to prove that Plaintiff breached the lease and the Court has already determined that Plaintiff did not breach the lease. (See Doc. No. 100.) Whether or not Plaintiff breached the lease is no longer a fact of consequence in determining this action, thus the communications between zoning officers are irrelevant. Fed. R. Evid. 401. Accordingly, the Court will grant Plaintiff's motion to exclude communications between zoning officers.

### IV. DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM RELYING ON SPECULATION TO ARGUE THAT DEFENDANTS INTERFERED WITH PLAINTIFF'S ABILITY TO OPEN ITS BANK BRANCH (DOC. NO. 112)

Next, Defendants move to preclude Plaintiff from relying on speculation to argue that Defendants interfered with Plaintiff's ability to open its bank branch. (Doc. No. 112.) Defendants argue that the delay was caused by the revocation of the building permit by the Centre Region Code Administration (CRCA), and that there is no evidence that Plaintiff ever asked Defendants to sign or submit a permit application at any time prior to August 8, 2011. (Doc. No. 113 at 1-2.) Thus, Defendants argue that Plaintiff is "incapable of demonstrating that Defendants are responsible for the delay in Plaintiff's renovations and reopening of the building," and that "there is no evidence that Defendants were the cause of any damages or delay suffered by Plaintiff." (Id. at 2.) Therefore, Defendants argue that Plaintiff should not be permitted to present speculation that the Defendants would not have signed a building permit application, or that Defendants somehow were responsible for the delay in Plaintiff's ability to open its branch.

In response, Plaintiff argues that there is evidence that Defendants were the cause of damages suffered by Plaintiff, and that "the resolution of that question is one for the fact-finder. It is not a matter to be resolved by a motion in limine." (Doc. No. 129.) Plaintiff argues that its damages were caused by several of Defendants' actions and inactions. Plaintiff contends that the CRCA revoked its building permit at the insistence of Defendants and that Defendants failure to review drawings and plans for the work to be done at the lease premises further delayed Plaintiff's ability to obtain a valid building permit. Plaintiff further argues that Defendants' motion in limine is procedurally improper, as it seeks a final determination with respect to a

substantive cause of action and because it asks the Court to weigh the sufficiency of the evidence. (Id. at 5-12.)

The Court finds that Plaintiff is entitled to present evidence in support of its claims against Defendants. Plaintiff has alleged that Defendants interfered with its enjoyment of the property by, inter alia, failing to cooperate with Plaintiff in its effort to obtain a valid building permit, and terminating the lease without notice and an opportunity to cure. Plaintiff has not indicated that it intends to rely on speculation to argue that Defendants interfered with its ability to open its bank branch. Thus, the Court will deny Defendants' motion in limine, without prejudice to Defendants' right to raise the issue at trial in the form of an objection.

## V. DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM UTILIZING DEFENDANTS' INTERNAL EMAILS, OR ALTERNATIVE MOTION FOR ADVERSE INFERENCE INSTRUCTION (DOC. NO. 114)

Defendants next move to preclude Plaintiff from utilizing Defendants' internal emails, or in the alternative, for an adverse inference instruction. (Doc. No. 114.) Defendants argue that Plaintiff affirmatively deleted relevant emails, which are material to this controversy, and thus should be sanctioned by an order precluding Plaintiff from producing the equivalent evidence produced by Defendants, namely Defendants' internal emails. Alternatively, Defendants argue that, at a minimum, an adverse inference instruction should be given to the jury.

In response, Plaintiff argues that Defendants have failed to carry the threshold burden of showing any spoliation of evidence by Plaintiff. (Doc. No. 130.) Plaintiff asserts that it instituted a litigation hold, and that "each Bank employee produced all responsive e-mails on such employee's individual computer, in accordance with its discovery obligations." (Id. at 2.) Plaintiff states that it has no formal document retention policy, but that it maintains a back-up

tape that is cleared every fourteen days, and that employees clear their computers at their own discretion.

Under the spoliation doctrine "evidence tending to show that a party destroyed evidence relevant to the dispute being litigated . . . permit[s] an inference, . . . that the destroyed evidence would have been unfavorable to the position of the offending party." Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 81 (3d Cir. 1994). In order for an adverse instruction to apply, the evidence in question must have been within the party's control, and it must appear that there has been actual suppression or withholding of evidence. Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995).

The moving party has the burden of proving spoliation. Byrnie v. Cromwell Bd. of Educ., 243 F.3d 93, 107-08 (2d Cir. 2001). First, the moving party must prove that there was a duty to preserve the evidence. "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (defendant's duty to preserve existed as of filing and serving of complaint) (quoting Scott v. IBM Corp., 196 F.R.D. 233, 249 (D.N.J. 2000)). Once the duty arises, the litigant is expected to implement a litigation hold, whereby routine document retention and destruction policies are put on hold. Culler v. Shineski, No. 3:09-cv-0305, 2011 WL 3795009, at *3 (citing ACORN v. County of Nassau, No. 05-cv-2301, 2009 WL 605859, at *2 (E.D.N.Y. March 9, 2009)).

The Court finds that Defendants have failed to satisfy their burden of proving that Plaintiff suppressed or withheld emails that it had a duty to preserve. Defendants allege that

Dennis Lowery "affirmatively deleted relevant emails from his computer and/or Blackberry." (Doc. No. 114 ¶ 5.) However, Plaintiff attests that it implemented a litigation hold, and that it produced all of the emails in its possession in accordance with its discovery obligations. Plaintiff also asserts that it properly suspended its routine deletion procedures once it implemented a litigation hold, and there is no evidence to the contrary. Likewise, there is no evidence that Lowery had an affirmative duty to preserve the emails and that he breached that duty. In the long pendency of this action, Defendants have not deposed Mr. Lowery. Further, Defendants failed to preserve the issue with other available witnesses, such as Mr. Harvey or Mr. Bell. In the absence of evidence supporting Defendants' theory that Plaintiff improperly destroyed emails, the Court cannot find that Defendants met their burden of proving spoliation. Accordingly, the Court will deny Defendants' motion.

## VI.  DEFENDANTS' "TRIAL MEMORANDUM" (DOC. NO. 138)

On December 7, 2011, nine days before trial is set to begin in this case, Defendants submitted a "trial memorandum" arguing that the testimony of Plaintiff's proposed expert, Kelly Besaw, is inadmissible under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). (Doc. No. 138.) Defendants memorandum is devoted exclusively to a challenge to the testimony of Plaintiff's expert. Thus, the memorandum is properly construed as a motion <u>in limine</u>. See Black's Law Dictionary 1038 (8th ed. 1999) (defining a motion <u>in limine</u> as a "pretrial request that certain inadmissible evidence not be referred to or offered at trial."). The deadline for motions <u>in limine</u> was November 5, 2011. (Doc. No. 111.)

"Parties have an obligation to object to an expert's testimony in a timely fashion, so that

the expert's proposed testimony can be evaluated with care." Feliciano-Hill v. Principi, 439 F.3d 18, 24 (1st Cir. 2006) (citing Alfred v. Caterpillar, Inc., 262 F.3d 1083, 1087 (10th Cir. 2003) (explaining that "because Daubert generally contemplates a 'gatekeeping' function, not a 'gotcha' junction," untimely Daubert motions should be considered "only in rare circumstances"); Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir. 2004) ("A Daubert objection not raised before trial may be rejected as untimely.")). Plaintiff provided Defendants with Mr. Besaw's expert report on October 4, 2010; however, instead of filing a motion in limine within the deadline for filing such motions, Defendants waited until just over a week before trial to object to the testimony of Plaintiff's expert. Defendants offer no explanation for the delay, nor do they ask for an extension of time to file a motion in limine. Because the deadline for motions in limine passed over a month before Defendants filed their motion, the Court will strike the memorandum as an untimely motion in limine.

## VII.   CONCLUSION

Accordingly, for the foregoing reasons, the Court will deny without prejudice Plaintiff's motion to exclude the opinions of Defendants' lay witnesses (Doc. No. 61); deny Plaintiff's motion to exclude testimony regarding communications with Dennis Lowery (Doc. No. 63); grant Plaintiff's motion to exclude communications between zoning officers (Doc. No. 71); deny without prejudice Defendants' motion to preclude Plaintiff from relying on speculation (Doc. No. 112); deny Defendants' motion to preclude Plaintiff from using Defendants' internal emails or in the alternative for an adverse inference instruction (Doc. No. 114); and strike Defendants' memorandum regarding Plaintiff's expert witness.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NORTHWEST SAVINGS BANK** : | |
| **AND FINANCIAL SERVICES,** : | No. 4:09-CV-1416 |
|     Plaintiff : | |
| : | (Chief Judge Kane) |
| **v.** : | |
| : | |
| **NS FIRST STREET LLC and 2200 SOUTH** : | |
| **ATHERTON STREET LLC,** : | |
|     Defendants : | |

**ORDER**

    **AND NOW**, on this 12th day of December 2011, **IT IS HEREBY ORDERED THAT,** upon consideration of Plaintiff's motions in limine (Doc. Nos. 61, 63, 71), and Defendants motions in limine (Doc. Nos. 112, 114, 138), and consistent with the accompanying memorandum of law:

1. Plaintiff's motion to exclude the opinions of Defendants' lay witnesses (Doc. No. 61) is **DENIED** without prejudice to Plaintiff's right to raise the issue at trial in the form of an objection;

2. Plaintiff's motion to exclude testimony regarding communications with Dennis Lowery (Doc. No. 63) is **DENIED**;

3. Plaintiff's motion to exclude communications between zoning officers (Doc. No. 71) is **GRANTED**;

4. Defendants' motion to preclude Plaintiff from relying on speculation (Doc. No. 112) is **DENIED** without prejudice to Defendants' right to raise the issue at trial in the form of an objection; and

5. Defendants' motion to preclude Plaintiff from using Defendants' internal emails, or in the alternative for an adverse inference instruction (Doc. No. 114) is **DENIED**.

6. Defendants' memorandum regarding the admissibility of Plaintiff's expert witness (Doc. No. 138) is **STRICKEN**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania